UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

SUPPLY AND ADVISE,                    CIVIL ACTION:

      Plaintiff,

v.

                                                 JUDGE:

ASPEN SPECIALTY INSURANCE
COMPANY,

      Defendant.
_____/

## **NOTICE OF REMOVAL**

Defendant, Aspen Specialty Insurance Company ("Aspen"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action *Supply and Advise v. Aspen Specialty Insurance Company*, Case No. 2019-017347-CA-01 on the docket of the Circuit Court of the 11th Judicial District for Miami-Dade County, Florida.  In Support of its Notice of Removal, Aspen respectfully represents:

1. Plaintiff commenced the captioned action by filing a Complaint in the Circuit Court of the 11th Judicial District for Miami-Dade County, Florida. A copy of all process and pleadings served upon Aspen in the state court action are attached to the Listing Pursuant to 28 U.S.C. § 1447(b), filed herewith.  (A copy of the Complaint is also attached herein as Exhibit A.)

2. In the Complaint, Plaintiff avers that Aspen issued a policy of insurance to Plaintiff for the Plaintiff's "dwelling" (the "Property") (Complaint, ¶¶ 4, 6).

1

3. Plaintiff alleges the Property sustained damage from a drain break on May 14, 2018, (Complaint, ¶ 8).

4. Plaintiff seeks payment for damages it contends is due under the policy, but for which Aspen has not tendered payment. (Complaint, ¶¶ 12). Aspen has not made any payments and has denied the claim. (Complaint, ¶ 18).

5. Plaintiff also asserts a claim for attorneys' fees. (Complaint, ¶ 20).

6. Plaintiff did not assert a specific dollar demand in the Complaint other than to state that its claim exceeds $15,000.00. (Complaint, ¶ 1). Therefore, it was not determinable from the face of the lawsuit as to whether the $75,000 amount in controversy requirement for diversity jurisdiction was satisfied.

7. However, in connection with its claim, Plaintiff previously submitted an estimate for repairs prepared by a public adjuster in the amount of $185,144.64. (Complaint ¶ 11, and Exhibit B to Plaintiff's Complaint – Stellar Public Adjusting Services estimate). The policy carries a $2,500 deductible. As stated above, Aspen denied the claim and has not made any payments. In addition to the repairs claimed, Plaintiff also seeks the recovery of attorneys' fees which are to be included as part of the amount in controversy requirement. Based on the foregoing, it is clear that the amount in controversy exceeds the $75,000 amount required for of diversity jurisdiction.

8. This Notice of Removal is filed within 30 days receipt of the Summons and Complaint by Aspen. Aspen received service of the Complaint and Summons through its registered agent, Corporation Service Company, on June 25, 2019. (*See* Exhibit A). Therefore, this Removal is timely.

## DIVERSITY JURISDICTION

9. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because this is a civil action between citizens of different states which involves an amount in controversy exceeding $75,000. Therefore, this matter is removable pursuant to 28 U.S.C. § 1441(a).

10. There is complete diversity of citizenship between Plaintiff and Defendant. Curiously, Plaintiff does not clearly plead its status in the Complaint: "Plaintiff was an is a resident of Miami-Dade County Florida and is otherwise *sui juris*". (Complaint, ¶ 2). In fact, Plaintiff is a Florida limited liability company with its principal office in Miami. (Exhibit B, Secretary of State Filings *in globo*). Plaintiff's member/managers are citizens of Florida. (Exhibit B). Aspen is organized under the laws of North Dakota, with its principal place of business in Connecticut.

11. As discussed above, Plaintiff did not plead a specific amount of recovery in the Complaint. "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed". *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319-1320 (11th Cir. 2001). The Court is permitted to review the record for evidence supporting removal jurisdiction when the pleadings are inadequate. *Id.*

12. As demonstrated above, the claim and supporting documents previously

submitted to Aspen, demonstrate that Plaintiff's claim for breach of contract seeks damages well in excess of $75,000.  Moreover, for the purpose of diversity jurisdiction, attorneys' fees are included as part of the amount in controversy.  *Smith v. GTE Corp.,* 236 F.3d 1292 (11th Cir. 2001). As such, the asserted claim for attorneys' fees (if recoverable), further supports the conclusion that the amount in controversy exceeds $75,000.

13. Based on the totality of the evidence in the record before the Court, the amount in controversy exceeds the $75,000 threshold, and that the Court's exercise of diversity jurisdiction in this matter is proper.

### REMOVAL PROCEDURE

14. A copy of this Notice of Removal is being served upon all known counsel of record.  A copy of a Notice of this Removal is being filed with the Clerk of Court for the Circuit Court for the 11th Judicial District for Miami-Dade County, Florida.

15. Copies of all process, pleadings, and orders served upon Aspen in the state court action are attached to the Listing Pursuant to 28 U.S.C. § 1447(b), filed herewith.

WHEREFORE, Defendant, Aspen Specialty Insurance Company, hereby provides notice that this action is duly removed.

Respectfully submitted,

**LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER**

*/s Sarah H. Didlake*
_____
**SARAH H. DIDLAKE**
Florida Bar No. 1015831
400 Poydras Street, Suite 2300
New Orleans, LA 70130
Telephone: (504) 586-9292

4

                                Facsimile:  (504) 586-1290
                                shd@lcba-law.com

*Counsel for Defendant, Aspen Specialty Insurance Company*

### Certificate of Service

**I hereby certify** that on July 24, 2019, I served the foregoing document on counsel for Plaintiff, Jack Benmeleh, at the designated e-mail addresses: jack@lawlp.com and angelica@lawlp.com.

                                */s Sarah H. Didlake*
                                _____