UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

SUPPLY AND ADVISE,                                    CIVIL ACTION: 1:19-cv-23081

    Plaintiff,

v.

                                                                   JUDGE: GAYLES

ASPEN SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

## DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM OF LAW

NOW INTO COURT, through undersigned counsel, comes Defendant, Aspen Specialty Insurance Company, ("Aspen"), and files this Motion to Enforce the Settlement Agreement and in support states:

## BACKGROUND

1.     This suit arose from an insurance claim dispute between the parties pursuant to a commercial property insurance contract for a loss allegedly sustained to Plaintiff's retail clothing store.

2.     The Plaintiff's deposition occurred on December 10, 2020. On that same day, following the deposition, the parties entered into a settlement agreement for above captioned lawsuit via email correspondence between the parties' attorneys.[1]

---

[1] Exhibit A: Settlement Agreement

3. On December 10, 2020, Plaintiffs' counsel communicated his client's offer to settle the lawsuit, in writing, and requested confirmation of the settlement agreement.[2]

4. Shortly after receiving the settlement offer, Defendant's counsel accepted and confirmed the settlement agreement and discussed the terms of the agreement.[3]

5. Plaintiff counsel did not give any indication that he lacked the authority to enter into a settlement agreement. In contrast, Plaintiff counsel entered into the agreement acting under the apparent authority as counsel for Plaintiff.

6. Because of this settlement agreement, Defendant's counsel canceled a discovery hearing scheduled for December 11, 2020,[4] as well as the deposition of the building owner, Glomar Holdings, LLC. The corporate representative for Glomar Holdings, Albert Eyal, is one of the members of the Plaintiff LLC.

7. One week after the parties entered into the settlement agreement, Plaintiffs' counsel attempted to withdraw from the settlement agreement.[5]

8. The parties entered into a valid and enforceable settlement agreement on December 10, 2020.[6]

## ARGUMENT

District courts have jurisdiction to enforce a settlement agreement when one party refuses to abide by the agreement prior to the dismissal of the action. *See Kent v. Baker*, 815 F. 2d 1395,

---

[2] Exhibit A: Settlement Agreement
[3] Exhibit A: Settlement Agreement
[4] Docket Entry No. 29
[5] Exhibit B: E-mail from Counsel
[6] Exhibit A: Settlement Agreement

1399-1400 (11th Cir. 1987). "A settlement agreement is a contract and, as such, its construction and enforcement are governed by principles of Florida's general contract law." *Swift Fin. Corp. v. Latin House Grill, LLC*, No. 16-23903-CIV, 2017 WL 8895346, at *4 (S.D. Fla. Dec. 29, 2017) (citing *Schwartz v. Florida Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987)). Further, "settlement agreements are highly favored and will be enforced whenever possible." *Id.* (citing *Robbie v. Miami*, 469 So. 2d 1384, 1385 (Fla. 1985)). Florida utilizes an "objective test" to determine whether a contract is enforceable. *Id.* "The party seeking enforcement of a settlement agreement has the burden of establishing assent by the opposing party." *Id.* (citing *U.S. Commodity Futures Trading Comm'n v. Vision Fin. Partners, LLC*, 232 F. Supp. 3d 1287, 1293 (S.D. Fla. 2017)). Additionally, the party seeking enforcement of the agreement bears the burden of showing that the opposing counsel had authority to enter into a settlement agreement. *See Coppola v. Casaro Labs, Ltd.*, No. 12-81163-CIV, 2014 WL 12515273, at *3 (S.D. Fla. Apr. 21, 2014). In order for a settlement agreement to be enforceable, the parties must mutually assent to all the essential terms. *See id.* Florida courts have held that enforceable settlement agreements can be executed via email even in the absence of a formal written agreement. *See Warrior Creek Dev., Inc. v. Cummings*, 56 So. 3d 915, 917 (Fla. Dist. Ct. App. 2011). Additionally, federal courts have held that binding settlement agreements can be accomplished via email. *See Swift Fin. Corp.*, 2017 WL 8895346, at *4. Moreover, the execution of a settlement agreement is a mere procedural formality and not a condition precedent to a settlement agreement. *Coppola*, 2014 WL 12515273, at *4 (citing to *Vital Pharmaceuticals, Inc. v. S.A.N. Nutrition Corp,* 2007 WL 1655421 at *6 (S.D. Fla. 2007)). Instead, the courts determine the enforceability of a settlement agreement based on the traditional notions of offer, acceptance, and basic contract law. *Id.*

Based on the jurisprudence and the traditional notions of basic contract law, the parties entered into a valid and enforceable settlement agreement. Plaintiff's counsel initiated the settlement discussion after the conclusion of the Plaintiff's deposition. Plaintiff's counsel did not give any indication to suggest that he did not have the authority to enter into a settlement agreement on his client's behalf. Rather, counsel specifically stated that his clients would agree to the designated amount.[7] The parties consented to the essential terms of the agreement when they agreed that the Defendant would pay a specified sum to settle the claim and discussed the drafting of subsequent documents.[8] The email exchange between the parties' counsel demonstrates a valid offer and acceptance of the essential terms of the agreement. Thus, the Defendant is entitled to the enforcement of the settlement agreement.

Alternatively, should the Court determine additional facts or evidence is necessary for a ruling on this motion, Aspen requests an opportunity to conduct discovery or an evidentiary hearing before the Court to address the issues raised by this motion.

Additionally, the Plaintiff's conduct in multiplying these proceedings, by attempting to withdraw from the settlement, has caused the Defendant to incur excessive costs associated with filing this motion. Defendant is also in the position where it has cancelled a discovery hearing and deposition and is now prejudiced in its ability to complete discovery by the January 29, 2021, discovery deadline. In accordance with 28 U.S.C. § 1927, the Defendant also requests that the Court order the Plaintiff to pay the costs, expenses, and attorneys' fees incurred with filing this motion.

---

[7] Exhibit A: Settlement Agreement
[8] Id.

WHEREFORE, the Defendant respectfully requests that the Court grant the Motion to Enforce Settlement Agreement, and award the Defendant relief for the excess costs associated with filing this motion.

### CERTIFICATION

In accordance with LR 7.1(a)(3) undersigned counsel certifies that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Respectfully submitted,

**LOBMAN, CARNAHAN, BATT, ANGELLE & NADER**

*/s Charles R. Rumbley*
_____
**CHARLES R. RUMBLEY**
Florida Bar No. 1018161
400 Poydras Street, Suite 2300
New Orleans, LA 70130
Telephone: (504) 586-9292
Facsimile:  (504) 586-1290
crr@lcba-law.com
*Counsel for Defendant, Aspen Specialty Insurance Company*

### Certificate of Service

**I hereby certify** that on January 8, 2021, I served the foregoing document on counsel for Plaintiff via the Court's ECF system.

*/s Charles R. Rumbley*
_____